**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE | |
| **Plaintiff,** | CIVIL ACTION |
| v. | 3:19-cv-20674-FLW-ZNQ |
| THE COLLEGE OF NEW JERSEY | |
| **Defendant(s)** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY**
**PLAINTIFF TO PROCEED ANONYMOUSLY**

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT.......................................................................... 1

II.  LEGAL STANDARD ...................................................................................... 2

III. ARGUMENT .................................................................................................. 3

    A.  Plaintiff Should Be Permitted to Proceed Under the Pseudonym "Jane Doe"........ 3

    B.  The Factors Supporting the Use of Pseudonymous Litigation Favor Plaintiff ....... 4

        1.  Plaintiff Has Made Continuous Efforts to Protect Her Anonymity............. 4

        2.  Plaintiff Faces a Reasonable Fear of Severe Harm if She Is Forced to
            Disclose Her Identity ..................................................................... 5

        3.  There Is a Strong Public Interest in Maintaining the Confidentiality of
            Plaintiff's Identity ....................................................................... 6

        4.  There Is an Atypically Weak Public Interest in Knowing Plaintiff's
            Willingness to Pursue Her Claims .................................................... 7

        5.  Plaintiff's Disclosure of Identity May Inhibit Her Willingness to
            Pursue Her Claims ........................................................................ 7

        6.  Plaintiff Has No Illegitimate or Ulterior Motives for Filing Her
            Complaint Anonymously ................................................................. 8

    C.  The Factors Weighing Against Plaintiff's Use of Pseudonym Are
        Inapplicable ..................................................................................... 8

        1.  The Universal Level of Public Interest in Knowing Plaintiff's Identity
            Does Not Outweigh Plaintiff's Right to Proceed Anonymously............... 8

        2.  Plaintiff Is Not a Public Figure and the Subject Matter of this
            Litigation Does Not Warrant the Disclosure of Plaintiff's Identity........... 9

        3.  Plaintiff Does Not Foresee an Opposition by Defendant, unless
            Illegitimately Motivated or Otherwise Shaped to Further Damage
            Plaintiff ..................................................................................... 9

IV. CONCLUSION ............................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D.Pa.1990)...................2

*Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 357, 371 n. 2 (3d Cir.2008)........ 2

*Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) ........... 2, 4, 6, 7, 8, 9

*Doe v. Evans,* 202 F.R.D. 173, 176 (E.D. Pa. 2001).......................................5

*Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)...................................... 2, 8

*Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014)....................................... 2, 3, 4, 5, 6, 7, 8, 9

*Doe v. Rider Univ.*, 2018 U.S. Dist. LEXIS 133146 .......................................8

*Lozano v. City of Hazleton*, 496 F.Supp.2d 477, 505 (M.D.Pa. 2007) ................ 2

Fed.R.Civ.P. 10(a) ......................................................................... 2

## I.  PRELIMINARY STATEMENT

Plaintiff, by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of her Motion to Proceed Anonymously. On November 25, 2019 Plaintiff filed the instant action against the College of New Jersey ("TCNJ" or "Defendant") under the pseudonym "Jane Doe" because she is a victim of the discrimination and retaliation by TCNJ based on her Gender, Pregnancy Status, and National Origin. *See* Pl.'s Compl. 17-24 ECF No.1. The facts and circumstances cited in the Plaintiff Complaint contain highly sensitive and private information about Doe's pregnancy, miscarriages, children and family composition that have no interest to the public. However, the above facts and circumstances are of material importance to Plaintiff's allegations and claims. Plaintiff alleged in the Complaint that she has suffered periods of mental instability, emotional and physical distress, lost her pregnancy, and seriously damaged and undermined her physical and mental state of health, as the result of the above illegal actions by TCNJ, its officers and employees. Pl.'s Compl. 12 ECF No.1.

Plaintiff cannot reasonably anticipate a legitimate opposition from TCNJ to her Motion to Proceed Anonymously, unless Defendant intends to humiliate, further retaliate and cause other emotional and economical harm to Doe. Furthermore, Plaintiff overs that it would be in the best interest of the Plaintiff and Defendant alike to allow Doe to proceed under the pseudonym to avoid additional and unnecessary harm and damages.

Accordingly, Plaintiff's Motion to Proceed Anonymously should be granted because Plaintiff (i) continues to fear for her and her children's well-being; (ii) has made a conscious and continued effort to protect her anonymity; (iii) the public has an interest in protecting the identities of the victims of discrimination and retaliation based on gender and pregnancy status, as it would encourage other victims to pursue their claims without any fears for safety and well-

being; and (iv) allowing Plaintiff to continue to proceed by pseudonym will not impede this case nor impact the public's ability to follow the proceedings.

## II.  LEGAL STANDARD

Federal Rule 10(a) of Civil Procedure requires parties to a lawsuit to identify themselves in their respective pleadings. Fed.R.Civ.P. 10(a); *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). However, party may "proceed by way of pseudonym, particularly where disclosure of the litigant's identity creates a risk of 'extreme distress or danger.'" *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014) (quoting *City of Hazleton*, 496 F.Supp.2d 477, 505 (M.D.Pa. 2007). "It is within a district court's discretion to determine when a party may proceed anonymously." *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). To proceed anonymously, a party must demonstrate both "(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless* 654 F.3d at 408, citing *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 357, 371 n. 2 (3d Cir.2008). Such fear, however, must be weighed against the public's interest in knowing the true identity of the parties and an embarrassment or economic harm alone is not enough alone to proceed anonymously. *Id*. Examples of areas where courts have allowed parties to proceed under pseudonyms include cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id* at 408 citing *Doe v. Borough of Morrisville,* 130 F.R.D. 612, 614 (E.D.Pa.1990).

In order to determine whether a "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings," the Third Circuit court in above mentioned *Hartford Life* case adopted the balancing test of non-exhaustive list of factors. *Id* at 409. The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is

feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to her refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Id* (internal citation omitted).

The factors which could weigh against the use of a pseudonym – but are inapplicable here – include: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.*

As demonstrated *infra,* applying the foregoing factors to the present case, Plaintiff's reasonable fear of harm outweighs the public's interest in open proceedings and therefore the Plaintiff's Motion to Proceed Anonymously should be granted.

## III.  ARGUMENT

### A.  Plaintiff Should Be Permitted to Proceed Under the Pseudonym "Jane Doe"

As set forth above, in order to proceed under a pseudonym, a plaintiff must establish "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).  Plaintiff's fear of proceeding in this litigation using her legal name is well-founded.  As demonstrated in the Complaint, Plaintiff was the victim of multi-level organizational discrimination based on her gender, pregnancy, national

origin, and was retaliated for reporting the discrimination within and outside of TCNJ. As the result of the alleged discrimination, Plaintiff suffered mental instability, was depressed and suffered a miscarriage due to the above related health effects of the discrimination. Pl.'s Compl. 12 ECF No.1 . Unfortunately, a stigma still surrounds both victims of discrimination and retaliation and sufferers of miscarriages, mental instability, depression and other related health conditions. If Plaintiff is not allowed to proceed anonymously, Plaintiff will not only be subjected to the aforesaid social stigma, she will also be subject to further emotional distress, mental anguish, anxiety, public shame and ridicule, guilt, self-loathing, embarrassment, humiliation, intimidation and economic loss. *See Oshrin*, 299 F.R.D. at 103 (finding substantial grounds for plaintiff's fear of public disclosure when such disclosure "would ***exacerbate the pain and embarrassment*** that Jane Doe ***suffers and will suffer for the rest of her life***"); *see also Hartford Life & Acc. Ins. Co.*, 237 F.R.D. at 550 (finding substantial grounds for plaintiff's fear of public disclosure when "disclosure of [plaintiff's] real name will aggravate his condition and result in ***greater anxiety and stress***"). Furthermore, Plaintiff should be allowed the same level of privacy and assurance of protection, as allowed by courts to parties in abortion and birth-control, and other women's reproductive rights cases. Because Plaintiff easily establishes a fear of severe harm, and the reasonableness of that fear, Plaintiff should be allowed to proceed using a pseudonym.

**B. The Factors Supporting the Use of Pseudonymous Litigation Favor Plaintiff**

**1. Plaintiff Has Made Continuous Efforts to Protect Her Anonymity**

Under the first factor, the Court addresses the extent to which Plaintiff has maintained the confidentiality of her identity. Plaintiff never disclosed her identity or facts and

4

circumstance of the case, other than to her lawyer, to the appropriate individual within TCNJ in her reports of the discrimination and retaliation, and to Equal Opportunity Commission for charge reporting purposes only. During all of the above instances, she requested, expected and was assured an appropriate level of confidentiality and anonymity. For example, the details of the EEOC proceedings were only available to Plaintiff, TCNJ and their respective attorneys.

Plaintiff has made significant efforts to maintain the confidentiality of her identity in the instant action. Plaintiff's true identity has not been disclosed in any of the Court filed documents. *See Oshrin*, 299 F.R.D. at 103 (first factor favors anonymity where Plaintiff's identity not disclosed in any pleadings, motions, and/or exhibits). Accordingly, factor one weighs in favor of allowing Plaintiff to proceed anonymously.

### 2. Plaintiff Faces a Reasonable Fear of Severe Harm if She Is Forced to Disclose Her Identity

The second factor considers the substantiality of the Plaintiff's fear of public disclosure. As established *supra,* Plaintiff has a well-founded fear of severe harm should she be forced to proceed using her legal name. Such harm includes emotional distress, mental anguish, anxiety, public shame and ridicule, guilt, self-loathing, embarrassment, humiliation, intimidation, economic loss and social stigmatization. Plaintiff's minor children and family, in addition to Plaintiff herself, could face ridicule, guilt, self-loathing, embarrassment, humiliation, intimidation.

The Third Circuit has held that a plaintiff's "fear of [heightened] embarrassment, humiliation, and emotional distress" in the event of public disclosure to be "well-founded." *See Doe v. Evans,* 202 F.R.D. 173, 176 (E.D. Pa. 2001) (concluding second factor favors anonymity); *see also Oshrin*, 299 F.R.D. at 104 (same). If Plaintiff is not allowed to proceed under the pseudonym, above-mentioned embarrassment and humiliation will also be followed by

devastating effect on her career. It is a well-documented in the literature that female professors are systematically discriminated, especially in the male-dominated finance academia.[1] Most female professors are less likely than man to get promoted and become a tenured faculty. *Id*. Pregnancies and gender discrimination claims brought by female professors often expose them to additional humiliation.[2] In many cases, female professors opt not to report discrimination because they fear further retaliation by fellow male Professors inside or outside of the same institution of higher education. *Id*.

### 3.   There Is a Strong Public Interest in Maintaining the Confidentiality of Plaintiff's Identity

Plaintiff's motion to proceed under pseudonym should granted because there was an interest in protecting identities of similarly situated discrimination victims so that other victims would feel more comfortable suing to vindicate their rights. *See also Hartford Life & Acc. Ins. Co.,* 237 F.R.D. at 550. Furthermore, Plaintiff should be allowed to proceed under pseudonym, in part because of the substantial public interest in ensuring that pregnant woman, just like parties in abortions, birth-control, and other reproductive rights cases, can pursue their claims fairly and without a risk of stigmatization. The risk of stigmatization and other harm to Plaintiff and her minor children should outweigh the presumption of openness in judicial proceedings. Therefore, the third factor weighs in favor of allowing Plaintiff to proceed anonymously.

---

[1] Mason, Mary Ann. "*Women, Tenure, and the law.*" *University of California, Berkeley Law*. (2010) https://2048.berkeley.edu/files/ Women_Tenure_and_the_Law.pdf (last visited Nov. 24, 2019).

[2] See Hill, Catherine, and Sarah Warbelow. *"Tenure denied: Cases of sex discrimination in academia."* American Academic 4 (2008): 65-104.https://pdfs.semanticscholar.org/e568/352e2 0cf938a730b1c470cf984fafa799a61.pdf (last visited Nov. 24, 2019).

4.      **There Is an Atypically Weak Public Interest in Knowing Plaintiff's Identity**

Plaintiff does not foresee a strong public interest in the present case. However, regardless of the public interest in the case, its facts and circumstances, there is an obvious and atypically weak public interest in knowing Plaintiff's identity. Victims of the illegal and blatant discrimination, just like the victims of the sexual harassment, and parties in abortion, birth-control, and other women's reproductive rights cases, should be afforded an opportunity to present their case without a fear of retribution, retaliation or other actions against them or their minor children. Knowing the identity of the victim who brings the claim does not further the public's interest.   Accordingly, factor four weighs in favor of allowing Plaintiff to proceed anonymously.

5.      **Plaintiff's Disclosure of Identity May Inhibit Her Willingness to Pursue Her Claims**

Plaintiff concedes that she does not intend to discontinue this action should she be required to disclose her identity.   Nonetheless, Plaintiff has articulated a reasonable fear of severe harm should she be required to file an Amended Complaint using her legal name, which may inhibit Plaintiff's willingness to pursue her claims. *See Oshrin*, 299 F.R.D. at 104 ([d]espite expressing no intention to discontinue action if required to disclose identity, court held that "denying Plaintiff's motion [to remain anonymous] may inhibit Plaintiff's willingness to pursue her claims") (citing *Hartford Life & Acc. Ins. Co.*, 237 F.R.D. at 550 (finding it possible that public disclosure of plaintiff's identity might result in plaintiff's refusal to "pursue his claim due to the stigmatization that may result in his community and to his professional career").   Moreover, the remaining factors weigh in favor of allowing Plaintiff to proceed anonymously.

### 6. Plaintiff Has No Illegitimate or Ulterior Motives for Filing Her Complaint Anonymously

Plaintiff has no illegitimate or ulterior motives for filing her Complaint anonymously. As set forth above, Plaintiff filed her Complaint anonymously simply to protect herself and her minor children from any harm associated with discrimination ridicule, guilt, self-loathing, embarrassment, humiliation, intimidation, if the facts and circumstances of the case are associated with the Plaintiff's children and family via the name disclosure. Further, Plaintiff is also weary of the fact that her name disclosure to the public at large might have catastrophic consequences for her future career, especially in the male-dominated finance academia.

### C. The Factors Weighing Against Plaintiff's Use of Pseudonym Are Inapplicable

### 1. The Universal Level of Public Interest in Knowing Plaintiff's Identity Does Not Outweigh Plaintiff's Right to Proceed Anonymously

"The 'universal level of public interest in access to the identities of litigants' does not without more weigh against anonymity."  See Oshrin, 299 F.R.D. at 104-105 (citing Megless, 654 F.3d at 409). Moreover, a general public interest "exists in some respect in all litigation." Hartford Life & Acc. Ins. Co., 237 F.R.D. at 551. Such interest, however, does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym. Further, there is an overwhelming public interest in protecting the confidentiality of victims of gender discriminations and their minor children, just like litigants in other types of reproductive rights cases, such as abortions and birth-control. Accordingly, Plaintiff should be permitted to proceed anonymously.

> **2.    Plaintiff Is Not A Public Figure and the Subject Matter of this Litigation Does Not Warrant the Disclosure of Plaintiff's Identity**

Plaintiff is not a public figure under any applicable legal standard. See Rider Univ., 2018 U.S. Dist. LEXIS 133146, at *23 ("no reason that the public interest is heightened beyond its typically strong interest in public proceedings" because "Plaintiff is not a public figure"); see also Oshrin, 299 F.R.D. at 105 ("Plaintiff is not a public figure, nor does the subject matter of this litigation appear to give rise to public interest greater than that normally obtained" (internal quotation marks and citation omitted); Hartford Life & Acc. Ins. Co., 237 F.R.D.  at 551 ("Plaintiff is not a public figure which would strengthen the public's interest in knowing his identity").    Moreover, the subject matter of this litigation, pregnancy and gender-based discrimination, do not increase the public's interest in knowing Plaintiff's identity.  Accordingly, Plaintiff should be permitted to proceed anonymously.

> **3.    Plaintiff Does Not Foresee an Opposition by Defendant, unless Illegitimately Motivated or Otherwise Shaped to Further Damage Plaintiff**

Plaintiff currently does not reasonable anticipate TCNJ's opposition to the Plaintiff's Motion to Proceed Anonymously. Plaintiff will address this factor if TCNJ decides to oppose the Motion. However, assuming arguendo if TCNJ would oppose this Motion, it would only be to intimidate and further damage Plaintiff, her career prospects, reputation, and her minor children and family.

## IV.  CONCLUSION

The aforementioned factors favor allowing Plaintiff to proceed anonymously.

WHEREFORE, Plaintiff requests that this Court to grant Plaintiff leave to file the

Complaint in the instant action anonymously and proceed hereafter anonymously as "Jane Doe"

limiting access to her actual identity to the Court and Defendant only.


RESPECTFULLY SUBMITTED,

**LITVAK LEGAL GROUP, PLLC.**


By: /s/ S.J. Litvak

_____
SERGEY JOSEPH LITVAK, ESQUIRE
LITVAK LEGAL GROUP, PLLC.
Attorney for Plaintiff

Dated: December 1, 2019