**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, | : |
| Plaintiff, | : Civil Action No.: 19-20674(FLW) |
| v. | : |
| | : **OPINION** |
| THE COLLEGE OF NEW JERSEY, | : |
| Defendant. | : |

**WOLFSON, Chief Judge:**

In this contentious litigation,[1] Plaintiff Jane Doe ("Doe" or "Plaintiff") alleges that her employer, defendant The College of New Jersey ("TCNJ" or "Defendant"), discriminated against her on the basis of gender, pregnancy status, and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.* She further alleges that Defendant retaliated against her for internally reporting the discrimination. Before the Court is an appeal of the Magistrate Judge's denial of Plaintiff's motion to proceed under a pseudonym. For the reasons set forth below, the Magistrate Judge's decision is **AFFIRMED**.

**BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of this appeal, the Court will only recount relevant facts taken from the Complaint. Plaintiff was a tenure-track Assistant Professor at TCNJ's School of Business.

---

[1] During the pendency of this Appeal, Plaintiff filed yet another appeal of the Magistrate Judge's decision extending time for Defendant to file an Answer. While the Court does not address the merits of that appeal in this Opinion, and I will do so in a separate order, Plaintiff is well advised that the Magistrate Judge enjoys wide discretion in managing this Court's docket.

(Compl., ECF No. 1 ¶¶ 32-34, 39.) Doe alleges that certain professors at TCNJ made discriminatory remarks with respect to accommodating pregnant female professors and about Doe having given birth prior to her employment at TCNJ. (*Id*. ¶¶ 36-38.) In 2017, while employed at TCNJ, Doe became pregnant, and she alleges that as a result, she was given difficult teaching assignments from the same professor who made the past discriminatory remarks regarding her pregnant status, in an effort to derail her reappointment at TCNJ. (*Id*. ¶¶ 47-48, 51-53.) Doe gave birth sometime at the end of 2018, and she was reappointed for the 2019-20 school year. (*Id*. ¶ 54.) Doe claims that despite having been reappointed, the Promotion and Reappointment Committee's Report contained a reference to Doe's pregnancy. (*Id*. ¶ 63.) She also contends that she was approached by faculty who inquired whether she had plans to have more children after her reappointment for the 2019-20 school year. (*Id*. ¶ 63.)

Plaintiff alleges that one particular TCNJ professor spread misinformation about Doe such that Doe would be falsely disciplined. (*Id*. ¶¶ 68, 72, 76.) Plaintiff avers that her complaints about specific employees were ignored and consequently, as retaliation, she was removed from teaching certain MBA-level classes. (*Id*. ¶¶ 84-87.) According to Plaintiff, the discriminatory experience culminated in health and mental health complications, which allegedly led to a miscarriage. (*Id*. ¶ 91.) In 2019, Plaintiff claims that she was not reappointed for the 2020-2021 school year because of her pregnancies. (*Id*. ¶¶ 105, 108-116, 122, 127.)

On November 25, 2019, Plaintiff filed this Complaint under the pseudonym "Jane Doe," alleging discrimination by Defendant on the basis of gender, pregnancy, and national origin, in violation of Title VII and NJLAD. (*See* Moving Br. 9-10, ECF. No. 3-3.) She further alleges Defendant retaliated against her for internally reporting the discrimination. (*Id*. ¶¶ 161-64, 192-97.) On January 22, 2020, the Magistrate Judge denied Plaintiff's Motion to Proceed under

2

Pseudonym. (ECF No. 15. ¶ 8.) In that decision, the Magistrate Judge found that Plaintiff's privacy interest did not outweigh the public interest in open judicial proceedings. (*Id*.) The Magistrate Judge found that the only significant privacy interest stems from the possibility of professional reputational damage of Plaintiff caused by litigating against her employer. (*Id*.) The Magistrate Judge explained that this interest is not a sufficient reason to proceed anonymously. (*Id*. ¶¶ 5, 8.) Plaintiff's appeal ensued.

## DISCUSSION

**I.    Standard of Review**

Neither party disputes the standard of review; that is, the decision by the Magistrate Judge here will not be disturbed unless it is "clearly erroneous or contrary to law." Under Federal Rule of Civil Procedure 72 and Local Rule 72.1, parties may appeal a magistrate judge's pre-trial order directly to the district court judge assigned to the case. Non-dispositive adjudications by magistrate judges are set aside only if the order is found to be "clearly erroneous or contrary to law." *Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 590 (D.N.J. 1994) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986)). A magistrate judge's finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Moreover, a magistrate judge's ruling is contrary to law if the judge "misinterpreted or misapplied applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co. Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). Under this standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter

3

differently. *Cardona v. GMC.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)). The party filing the appeal carries the burden of showing that a ruling is clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## II. Whether the Magistrate Judge Erred in Disallowing Plaintiff to Proceed Anonymously

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. Fed. R. Civ. P. 10(a). The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." *Id.* "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution." *Doe v. Brennan*, No. 5:19-cv-5885, 2020 U.S. Dist. LEXIS 73704, *3 (E.D. Pa. Apr. 27, 2020) (citing *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). However, there are exceptional circumstances when courts permit litigants to proceed anonymously, albeit there is no such authority in Rule 10(a). *See Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006). To proceed anonymously, a party must demonstrate both "(1) a fear of severe harm, and (2) that the fear of

4

severe harm is reasonable." *Megless* 654 F.3d (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Embarrassment or economic harm is not sufficient. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 357, 371 n. 2 (3d Cir. 2008). Such fear, however, must be weighed against the public's interest in knowing the true identity of the parties. *Id.*

The Third Circuit in *Megless* adopted a balancing test to determine if anonymity is necessary. 654 F.3d at 408-409. The *Megless* test consists of factors in favor of anonymity and those against anonymity. *Id*. The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. PA 1997)) (These will collectively be referred to as "For-Factors"). On the other hand, factors against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. PA 1997)) (These will collectively be referred to as "Against-Factors").

The Magistrate Judge held, with respect to the For-Factors, that Plaintiff "has made significant efforts to maintain the confidentiality of her identity," and weighed the first factor in her favor. (ECF No. 15. ¶ 4.) (citing Moving Br. 5; *see also* Pl's Reply 2-5). Next, the Magistrate Judge recognized that Plaintiff may face the potential for professional stigma for filing this lawsuit against her employer, and in that regard, the Magistrate Judge found that the second factor weighs slightly in favor of anonymity. *Id.* at 5. However, the Magistrate Judge commented that no evidence, empirical or otherwise, has been proffered by Plaintiff to show that an alleged social stigma against pregnant women typically prevents them from vindicating their employment rights without a pseudonym. *Id.* at 6. The Magistrate Judge held that the fourth factor does not apply because Plaintiff's claim is fact-sensitive, and thus, the public's interest is not atypically weak. *Id.* at 6-7. Additionally, the fifth factor weighs against anonymity, according to the Magistrate Judge, because Doe conceded that she will continue to pursue her action even if her identity is disclosed. *Id.* at 7 (citing Moving Br. 7.) Finally, the Magistrate Judge found that the sixth factor has no bearing on the Court's determination since Doe has no ulterior or illegitimate motive. *Id.*

In his analysis of the Against-Factors, the Magistrate Judge found that the use of a pseudonym typically weighs against anonymity, as the public has a universal interest in knowing the identities of parties litigating in court. (ECF No. 15 ¶ 7.) ("The first factor is a given."). However, the Magistrate Judge determined that "it does not appear that the public has an unusually strong interest in knowing Doe's identity." *Id.* Lastly, the Magistrate Judge found that the third factor is inapplicable because Defendant's opposition to the lawsuit is the only evidence of its

motivation against anonymity. *Id.* On this appeal, Plaintiff contends that the Magistrate Judge erred in his analysis of For-Factors three and six, and Against-Factor one.[2] ECF No. 18-1 ¶ 5.

As to the magnitude of public interest (For-Factor three), Plaintiff argues that women face significant challenges and discrimination in the male-dominated field of academia, especially for those who are pregnant and/or with children. According to Plaintiff, the public has a keen interest in protecting those alleged female victims' identity. In so arguing, Plaintiff cites to an academic article as compelling evidentiary support. There is little doubt, as the Magistrate Judge aptly noted and the article discussed, *see* Mason, Mary Ann. "Women, Tenure, and the Law." *The chronicle of higher education*, that women do in fact face challenges in academia. However, as part of this *Megless* factor, Plaintiff must present some showing that the public has a substantial interest in protecting the identities of female plaintiffs in higher education who bring suit to vindicate their rights, or that other similarly situated litigants would be deterred from bringing claims. No such showing has been made. All that Plaintiff has pointed to is her fear that her professional reputation would potentially be impaired by bringing this suit. But, Plaintiff's personal circumstance is not exceptional such that this factor weighs in favor of anonymity. Indeed, hundreds of employment suits are brought each year in this Court by alleged victims to vindicate their rights. In each of those cases, the plaintiff may face certain risks unique to him/her by litigating in court. Unless those risks rise to a level where extraordinary harm to plaintiff would occur, the public has the inherent interest in accessing the identity of the parties. In fact, the potential harms Plaintiff has identified are attendant to most employment discrimination cases. Like the Magistrate Judge

---

[2] Plaintiff does not appeal the Magistrate Judge's findings as to For-Factors one, two and five, or Against-Factors two and three. Additionally, I note that while Plaintiff argues, in her briefing, that she is challenging For-Factor four, nowhere in her submission does she explain the basis for her challenge. As such, the Court will not discuss this factor.

7

explained, if the Court were to adopt Plaintiff's position, every employment discrimination plaintiff would potentially be entitled to proceed anonymously.

Plaintiff also relies upon two cases to further support her position. First, in *Doe v. Wozniak*, No. 3:08-CV-1951, 2009 U.S. Dist. LEXIS 143933, (M.D. Pa. Mar. 3, 2009), the court permitted the plaintiff to proceed anonymously on the basis of her status as a teacher and the potential harm of losing her license if she proceeded without anonymity. *Id*. at *12. However, this case is distinguishable; the plaintiff was first charged with aggravated assault, but the charges were later dropped. *Id*. at *13. The court explained that anonymity was crucial because the disclosure of the charges—even if they were dismissed—could greatly jeopardize plaintiff's reputation as a teacher. *Id*. No such concerns exist in this case.

Second, Plaintiff relies on *Smith v. United States Office of Pers. Mgmt.*, No. 2:13-CV-5235, 2014 U.S. Dist. LEXIS 203893 (E.D. Pa. Jan. 21, 2014). In *Smith*, the *Megless* factors weighed in the plaintiff's favor who suffered from drug and alcohol addictions and was receiving treatment for those addictions. *Id*. at *1-2, 4-5. The plaintiff argued that disclosure of these personal issues would not only create a societal stigma, but also his future job prospects would be harmed if they became public knowledge. *Id*. at *4. The court found that such stigma and reputational harm resulting from these personal disclosures were the precise reasons why plaintiff should be permitted to proceed under a pseudonym. *Id*. *Smith* is distinguishable, as well, since no such personal disclosures will be made here. Accordingly, I find that the Magistrate Judge did not err when weighing For-Factor three against anonymity.

The Magistrate Judge found that For-Factor six, *i.e.*, whether the litigant is seeking to use a pseudonym for nefarious reasons, was inapplicable, because there is no evidence that Plaintiff has any ulterior motive in seeking to proceed anonymously. Plaintiff argues that this factor should

8

weigh in her favor because there is no illegitimate motivation on her part in making her request. I disagree for the simple reason that Plaintiff's contention runs counter to the Third Circuit's decision in *Megless*. In that case, the Third Circuit explained that not all factors are relevant or applicable in a particular case. *See Megless*, 654 F.3d at 409. Specifically with regard to For-Factor six, the Third Circuit found that because there was no evidence of any ulterior motive on the plaintiff's part, this factor did not weigh in favor of or against plaintiff in proceeding under a pseudonym. *Id.* at 401-11. That is precisely how the Magistrate Judge treated For-Factor six, and thus, no error was committed.

Lastly, Plaintiff maintains that the Magistrate Judge accorded too much weight to Against-Factor one, which weighs the universal public interest in accessing the identities of litigants. However, I cannot find that the Magistrate Judge erred when he weighed this factor against anonymity. As the Third Circuit made clear, courts "must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings. There is universal public interest in access to the identities of litigants. This weighs in favor of disclosing Doe's identity." *Megless*, 654 F.3d at 411. Given the Third Circuit's reasoning, I agree with the Magistrate Judge that there is an inherent interest in open litigation such that Against-Factor one decidedly tilts toward disclosure of Plaintiff's identity.[3]

---

[3] As a final note, Plaintiff takes issue with the Magistrate Judge's concluding remark that states: "While the Court acknowledges that risk, Doe's efforts to maintain her anonymity, and the deterrent effect that disclosure can have on plaintiff's bringing these claims, the professional damage caused by proceeding against one's employer is attendant to litigation beyond the civil rights sphere and is not a privacy interest sufficient here to justify departure from our legal norms or contravention of the public's right to open judicial proceedings." (ECF No. 15 ¶ 8.) Citing to examples, Plaintiff argues that courts have granted anonymity to plaintiffs in cases beyond the civil rights sphere. Plaintiff misconstrues the Magistrate Judge's remark. In my view, the Magistrate Judge is simply concluding that Plaintiff has not provided any exceptional reasons beyond personal and reputational harm, which harm is attendant to typical employment discrimination suits. As I have explained, *infra*, I agree with that assessment.

9

Having found that the Magistrate Judge did not err in weighing the *Megless* factors, the Court affirms his decision denying Plaintiff's request to proceed under a pseudonym.

DATED: July 2, 2020	/s/ Freda L. Wolfson
	Hon. Freda L. Wolfson
	U.S. Chief District Judge