Litvak Legal Group, PLLC., Attorneys at Law

The Honorable Zahid N. Quraishi
United States District Court
District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

June 21, 2021

**VIA ECF ONLY**

Re:  **NONNA Y. SOROKINA v. THE COLLEGE OF NEW JERSEY**
 **Civil Action: 3:19-cv-20674-FLW-ZNQ**
 **PLAINTIFF'S RESPONSE TO DEFENDANT'S DISCOVERY DISPUTE.**

Dear Judge Quraishi:

This firm represents Plaintiff, Nonna Y. Sorokina, in the above employment discrimination litigation against The College of New Jersey (thereafter "Defendant" or "TCNJ"). Pursuant to this Court's order, Plaintiff submits her response to the Defendant's letter regarding the discovery disputes (ECF No. 83) (thereafter "TCNJ's Letter").

First, Plaintiff will briefly address the fact that TCNJ has still failed to produce the requested non-privileged documents. As previously reported to the Court in ECF No. 82, TCNJ failed to adequately produce documents in response to Production Requests No's 1, 2, 3, 4, 9, 14, 15, and 27. In TCNJ's Letter, Defendant argued that such production was fully performed or that it needed a supplemental discovery request from Plaintiff. The arguments are flawed. TCNJ neither fully complied with the requests nor the new supplemental discovery requests were needed. The original Production of Documents requests were seeking a specific set of records that were never turned to Plaintiff, despite repeated phone calls and emails on the issue from the undersigned



Litvak Legal Group, PLLC., Attorneys at Law

counsel. At first, TCNJ improperly relied on NJ Executive Orders in support of non-production. Later, it simply failed to produce documents without any justification. During the private discussions, TCNJ continued to erroneously hold that some of the above documents were "confidential" or otherwise barred from production. The further discussions were not productive and Defendant's council seemed to misunderstand and misinterpret highly fact-intensive higher education case, relevance of the requested documents, and Defendant's obligation to produce them. TCNJ's production was very limited and included only a few requested documents. Plaintiff fully incorporates her Letter to the Court (ECF No. 82) where she brought the issues of Defendant's non-production in relatively high detail to the attention of the Court.

Next, the Defendant's position on Plaintiff's discovery productions is twisted and illogical. In short, Defendant complained to the Court that (1) Plaintiff's production was very voluminous, (2) Because of the number of documents produced, Defendant was unable to process and review the documents, and (3) Defendant was unable to review the produced documents, because he found the processing of the documents was "the unduly burdensome task of sorting through each page." *See* TCNJ's Letter at 2.

Defendant did not cite any legal binding or persuasive authority in support of the above legal arguments. In fact, the above may be the first time that a recipient of the discovery complained that a producing party over-produced documents. Further, the notion that a recipient of the production can claim the "burdensome" defense is also very troubling. Finally, the above position is simply an indication of either a misunderstanding of law and facts of the case or an attempt to delay the litigation, and foreclose Plaintiff from obtaining the relevant documents.



Litvak Legal Group, PLLC., Attorneys at Law

Plaintiff produced the documents to the fullest extend under the "unquestionably broad" legal test of United States v. Nobel Learning Communities. 329 F.R.D. 524, 527 (D.N.J. 2018) (Internal Citations Omitted). Defendant is unable to cite a single case or statute that obligated the production to be "burden-free" for the recipient. The burdensome defense to the discovery is used by "[t]he party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir .1993), Carter v. The Advisory Grp., Inc., No. 8:06CV603, 2007 WL 3112453, at *3 (D. Neb. Oct. 22, 2007). TCNJ is clearly not a party "resisting a discovery." The producing party has no duty of "burden-free" production to the recipient of discovery. Even if the production was burdensome for the Defendant, TCNJ failed to show how it was "unduly burdensome."

Further, Plaintiff has no duty to explain and educate the recipient how the documents are relevant or organize the documents to the recipient's satisfaction. Defendant bears its own costs of reviewing, processing, and organizing the produced documents to its own preference. TCNJ can hire experienced employment lawyers, experts, and discuss the issue with its staff and faculty to determine that the documents are relevant and responsive. Moreover, the irrelevancy defense under the Federal Rule of Civil Procedure is normally used by the producing party to limit the production rather than by a recipient of produced documents. If a recipient finds a document irrelevant, she can simply disregard it.

Plaintiff's production was proper. The documents produced directly responded to the production requests, as formulated. The produced documents are relevant in their entirety to the

   Litvak Legal Group, PLLC., Attorneys at Law

---

claims and defenses of the litigation and under the applicable standards of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793, 93 S. Ct. 1817, 1820, 36 L. Ed. 2d 668 (1973), holding modified by Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993), Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir. 1992). For example, TCNJ complained that some research articles and other published materials were included and referenced multiple times. However, the response is proper when Defendant requested "all documents that you contend support . . ." See Defendant's Production Request 31-6. In particular, the same published research articles were a part of approximately one hundred (100) job applications sent by the Plaintiff during her job search. The same articles were also a part of her reappointment file and other relevant files. Therefore, multiple inclusion of those and other documents was fully warranted. There were similar highly appropriate reasons for inclusion of every document in the production in response to the documents requests. Defendant, apparently, lacks a wiliness to understand the nuances of higher education case, conduct a proper legal research, or make a reasonable effort to review the documents. TCNJ creates an unfounded and unjustified issue and burdens the Court and the Plaintiff.

    For the reasons above, Defendant did not comply with the previous orders and production obligations under the Rules of Civil Procedures. Plaintiff respectfully ask the Court to compel Defendant to produce the requested documents. At the same time, Plaintiff submits that she fully complied with her obligations to produce the documents, as requested by Defendant. The Defendant's complains of production deficiencies are without merits.

 Litvak Legal Group, PLLC., Attorneys at Law

RESPECTFULLY SUBMITTED,

**LITVAK LEGAL GROUP, PLLC.**

By: /s/ S.J. Litvak
_____
SERGEY JOSEPH LITVAK, ESQUIRE
LITVAK LEGAL GROUP, PLLC.
Attorney for Plaintiff